Dear Ms. Morrow:
You have advised this office that you serve as Councilwoman, District 3, for the City of Natchitoches. You inquire as to the legality of the mayor preventing you from observing meetings of the interview panel convened for the purpose of conducting applicant interviews for the position of chief of police.
A home rule charter governs the City of Natchitoches. The charter provides that the mayor, subject to confirmation by the council, appoints the chief of police. Apparently, the interview panel conducts the interviews and advises the mayor regarding qualifications of potential appointees.
Of interest to the matter at hand is Article IV, Section 4.04 of the Natchitoches Home Rule Charter, which provides in part:
POLICE DEPARTMENT
SECTION 4.04
 A. The head of the Police Department shall be the police chief who shall be appointed by the mayor, subject to confirmation by the council, in accordance with applicable state law.
As you are aware, the Open Meetings Law, R.S. 42:4.1, et seq., requires meetings of public bodies to be open to the public. R.S. 42:5
pertinently states that "every meeting of any public body shall be open to the public unless closed pursuant to R.S. 42:6, R.S. 42:6.1 or R.S. 42:6.2".
A "meeting" and a "public body" for purposes of the Open Meetings Law is defined in R.S. 42:4.2 as follows:
A. For the purposes of R.S. 42:1 through R.S. 42:12:
 (1) "Meeting" means the convening of a quorum of a public body to deliberate or act on a matter over which the public body has supervision, control, jurisdiction, or advisory power. It shall also mean the convening of a quorum of a public body by the public body or by another public official to receive information regarding a matter over which the public body has supervision, control, jurisdiction, or advisory power.
 (2) "Public body" means village, town, and city governing authorities; parish governing authorities; school boards and boards of levee and port commissioners; boards of publicly operated utilities; planning, zoning, and airport commissions; and any other state, parish, municipal, or special district boards, commissions, or authorities, and those of any political subdivision thereof, where such body possesses policy making, advisory, or administrative functions, including any committee or subcommittee of any of these bodies enumerated in this paragraph.
 (3) "Quorum" means a simple majority of the total membership of a public body.
 B. The provisions of R.S. 42:4.1 through R.S. 42:12
shall not apply to chance meetings or social gatherings of members of a public body at which there is no vote or other action taken, including formal or informal polling of the members.
No mention is made of an "interview panel" in the home rule charter provisions cited. However, the panel is considered a "public body" for purposes of the Open Meetings Law if the panel has "policy making, advisory or administrative functions", and is convened to receive information regarding a matter over which the panel exercises supervision.
Because we consider the interview panel to be a "public body" in this instance, all meetings of the interview panel are considered public meetings subject to the open meeting and voting requirements of R.S.42:5[1], the written notice requirements of R.S. 42:7,[2] and the written minutes requirements of R.S. 42:7.1[3]. Further, the discussion of the character, professional competence, or physical or mental health of the applicant may take place in executive session, pursuant to R.S. 42:6 and R.S. 42:6.1A(1).[4] However, any formal action by vote regarding the applicants must take place in open session.
We hope the foregoing is helpful to you. Should you have other questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: August 2, 2002
[1] R.S. 42:5 provides:
A. Every meeting of any public body shall be open to the public unless closed pursuant to R.S. 42:6, R.S. 42:6.1, or R.S. 42:6.2.
B. Each public body shall be prohibited from utilizing any manner of proxy voting procedure, secret balloting, or any other means to circumvent the intent of R.S. 42:4.1 through R.S. 42:8.
C. All votes made by members of a public body shall be viva voce and shall be recorded in the minutes, journal, or other official, written proceedings of the body, which shall be a public document.
D. Except school boards, which shall be subject to R.S. 42:5.1, each public body conducting a meeting which is subject to the notice requirements of R.S. 42:7(A) shall provide an opportunity for public comment at such meeting, subject to reasonable rules, regulations, and restrictions as adopted by the public body.
[2] R.S. 42:7 provides:
A. (1)(a) All public bodies, except the legislature and its committees and subcommittees, shall give written public notice of their regular meetings, if established by law, resolution, or ordinance, at the beginning of each calendar year. Such notice shall include the dates, times, and places of such meetings.
(b)(i) All public bodies, except the legislature and its committees and subcommittees, shall give written public notice of any regular, special, or rescheduled meeting no later than twenty-four hours before the meeting.
(ii) Such notice shall include the agenda, date, time, and place of the meeting, provided that upon approval of two-thirds of the members present at a meeting of a public body, the public body may take up a matter not on the agenda.
(iii) Following the above information there shall also be attached to the written public notice of the meeting, whether or not such matters will be discussed in an executive session held pursuant to R.S.42:6.1(A)(2):
(aa) A statement identifying the court, case number, and the parties relative to any pending litigation to be considered at the meeting.
(bb) A statement identifying the parties involved and reasonably identifying the subject matter of any prospective litigation for which formal written demand has been made that is to be considered at the meeting.
(iv) In cases of extraordinary emergency, such notice shall not be required; however, the public body shall give such notice of the meeting as it deems appropriate and circumstances permit.
(2) Written public notice given by all public bodies, except the legislature and its committees and subcommittees, shall include, but need not be limited to:
(a) Posting a copy of the notice at the principal office of the public body holding the meeting, or if no such office exists, at the building in which the meeting is to be held; or by publication of the notice in an official journal of the public body no less than twenty-four hours before the meeting.
(b) Mailing a copy of the notice to any member of the news media who requests notice of such meetings; any such member of the news media shall be given notice of all meetings in the same manner as is given to members of the public body.
B. Reasonable public notice of day to day sessions of either house of the legislature, and of all matters pertaining to such meetings, including but not necessarily restricted to the content of notices, quorums for the transaction of business, proxy voting, viva-voce votes, and recordation of votes, shall be governed by the provisions of the Louisiana Constitution, the rules of procedure of the Senate and the House of Representatives, and the Joint Rules applicable to both houses. Reasonable public notice of meetings of legislative committees and subcommittees shall be given in accordance with such rules as are adopted by the respective houses for the purpose.
[3] R.S. 42:7.1 provides:
A. All public bodies shall keep written minutes of all of their open meetings. The minutes to be kept by the legislature and legislative committees and subcommittees shall be governed by the provisions of R.S. 42:7.2. The minutes of all other public bodies shall include but need not be limited to:
(1) The date, time, and place of the meeting.
(2) The members of the public body recorded as either present or absent.
(3) The substance of all matters decided, and, at the request of any member, a record, by individual member, of any votes taken.
(4) Any other information that the public body requests be included or reflected in the minutes.
B. The minutes shall be public records and shall be available within a reasonable time after the meeting, except where such disclosures would be inconsistent with R.S. 42:6, R.S. 42:6.1, and R.S. 42:6.2, or rules adopted under the provisions of R.S. 42:7.2.
[4] R.S. 42:6 provides:
A public body may hold executive sessions upon an affirmative vote, taken at an open meeting for which notice has been given pursuant to R.S. 42:7, of two-thirds of its constituent members present. An executive session shall be limited to matters allowed to be exempted from discussion at open meetings by R.S. 42:6.1; however, no final or binding action shall be taken during an executive session. The vote of each member on the question of holding such an executive session and the reason for holding such an executive session shall be recorded and entered into the minutes of the meeting. Nothing in this Section or R.S.42:6.1 shall be construed to require that any meeting be closed to the public, nor shall any executive session be used as a subterfuge to defeat the purposes of R.S. 42:4.1 through R.S. 42:8.
R.S. 42:6.1A(1) provides:
A. A public body may hold an executive session pursuant to R.S.42:6 for one or more of the following reasons:
(1) Discussion of the character, professional competence, or physical or mental health of a person, provided that such person is notified in writing at least twenty-four hours before the meeting and that such person may require that such discussion be held at an open meeting, and provided that nothing in this Subsection shall permit an executive session for discussion of the appointment of a person to a public body. In cases of extraordinary emergency, written notice to such person shall not be required; however, the public body shall give such notice as it deems appropriate and circumstances permit.